FLETCHER SAVINGS & TRUST CO., EXECUTOR, ESTATE OF LIZZIE ADA PETTIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 37099. Promulgated September 29, 1930.

*James W. Noel, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

LOVE: There is no controversy as to the facts. The decedent and her husband held the property in question as tenants by the entirety. On the death of the husband one-half of the value of that property was included in his gross estate, and the tax was paid. The wife took the whole property. On the death of the wife, within five years, her executor deducted from her gross estate (which included the whole value of said property) one-half its value under section 303(a)(2) of the Revenue Act of 1924. The Commissioner disallowed the deduction on the grounds stated in our findings.

Counsel for the petitioner, in his brief, contends that by reason of the fact that the husband, by will, devised all his real estate to the wife, she took that property by devise and not as survivor in the tenancy by the entirety title. We do not agree with petitioner in regard to the source of the wife's title to the one-half of the value of the property in question. It is true that the husband devised to her all his real estate, but he had no testamentary right or power

over that piece of property. The whole of it was hers the moment after his death, regardless of the terms of his will. Such a situation does not, in the least, conflict with the decision of the Supreme Court in the case of *Tyler* v. *United States*, 281 U. S. 497. The question here presented is whether or not the one-half that was included in the husband's gross estate and tax paid thereon within five years prior to the death of the wife, is deductible from her gross estate under section 303 (a) (2) of the Revenue Act of 1924. That statute is as follows:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

(a) In the case of a resident, by deducting from the value of the gross estate—

* * * * * * *

(2) An amount equal to the value of any property (A) forming a part of the gross estate situated in the United States of any person who died within five years prior to the death of the decedent, or (B) transferred to the decedent by gift within five years prior to his death, where such property can be identified as having been received by the decedent from such donor by gift or from such prior decedent by gift, bequest, devise, or inheritance, or which can be identified as having been acquired in exchange for property so received. This deduction shall be allowed only where a gift tax or an estate tax under this or any prior act of Congress was paid by or on behalf of the donor or the estate of such prior decedent as the case may be, and only in the amount of the value placed by the Commissioner on such property in determining the value of the gift or the gross estate of such prior decedent, and only to the extent that the value of such property is included in the decedent's gross estate and not deducted under paragraph (1) or (3) of this subdivision.

As we construe the statute quoted above, the situation here under consideration falls within subparagraph (A). The Commissioner construed the statute so as to make the qualifying phrases attached to subparagraph (B) of the statute quoted herein, apply also to subparagraph (A). We do not agree with the Commissioner's construction of the statute. We believe that an analysis and construction of the statute here involved leads, plainly, to the conclusion that the qualifying phrases attached to said paragraph (B) do not belong with or affect said paragraph (A).

Paragraph (A) deals with situations such as we have in the instant case, where the property came not by gift, devise or inheritance, but nevertheless formed a part of the gross estate of the prior decedent, and necessarily a tax was paid thereon.

Paragraph (B) deals with gifts, bequests, devises and inheritances, that may or may not have formed a part of the donor's gross estate (the donor may not yet have died, or he may not have paid a gift tax), and as to devises and inheritances, those qualifying phrases seem appropriate and necessary, while they do not seem appropriate or necessary in a situation such as we have in this case. Otherwise

the phrase (A) in the statute is meaningless and useless. The purpose of Congress was to give relief where an estate passed from one person to another, and a tax was paid, and then within a brief period that same estate, by death, passed to another person. If a tax were demanded on that second passing within such brief time, it would partake of the nature of double taxation. Five years iŝ arbitrarily named as the period that shall control. Moreover, it appears to us that the proper construction of the English, the syntax of the section of the statute involved, precludes attaching the phrases in question to subsection (A) of the statute.

The one-half of the value of the real estate in question which was included in the gross estate of the deceased husband, should be allowed as a deduction from the decedent's gross estate, which gross estate contains the whole value of that real estate.

*Judgment will be entered for the petitioner.*